■ The People of the State of New York, Respondent, v Wade Broadwater, Appellant. — Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Defendant appeals from a judgment convicting him of two counts of assault, second degree. The convictions are based upon a jury's finding that defendant assaulted and physically injured two guards engaged in conducting a strip search of him while he was a prisoner at Onondaga County Correctional Facility. He was also convicted of promoting prison contraband under the third count of the indictment but he does not appeal that conviction. At the trial, the three officers involved testified to a substantially similar version of the facts. They contended that shortly before the assault they were in defendant's cell examining his pants pockets after he had stripped to his underwear. Defendant was sitting on his bed at the time. While they were engaged in examining the pants, one of the officers observed defendant put something in his mouth and he yelled to the others to stop defendant from swallowing. The officers testified that as they grabbed for defendant's arm he jumped up from the bed and began swinging at them until

he was finally restrained. One of the officers testified that Officer Tiner had his arm around defendant's neck, which caused some "slight redness", but Officer Tiner stated that his only physical contact with defendant came as he was attempting to grab defendant's arms after defendant had pushed him against a cabinet. Defendant's version of the incident was somewhat different. He testified that he was reluctantly complying with the order to undergo a strip search; that he had removed his pants while sitting on the bunk and that as he stood up to remove his undershorts, one of the officers yelled "grab him, he's swallowing something" (defendant contended that he had candy in his mouth). He testified that Officer Tiner then started choking him. The melee occurred, he claimed, when he tried to get away from Officer Tiner so that he could breathe. He denied that he struck any of the officers. After the evidence was closed but before summations, defense counsel moved the court for leave to recall Officer Tiner either as a People's witness for further cross-examination or as a hostile witness as part of defendant's case for purposes of impeachment. Counsel explained that he had just received a transcript of a polygraph examination taken by Officer Tiner when he had applied for a position in the Onondaga County Sheriff's Department. The results of that test showed that in response to the question, "What is the worst beating * * * you ever gave * * * anyone?" Officer Tiner answered truthfully, "An inmate at Onondaga County Prison, I choked a fella named Broadwater." Defense counsel's request that he be permitted to confront Officer Tiner with this statement was denied. We think this was error. The prior statement of Officer Tiner went directly to the issues before the jury and were subject to an interpretation in conflict with his previous testimony that he had not had any physical contact with defendant until after defendant attacked him. Defendant was entitled to question the witness on the point and to have the jury hear and evaluate his answers (see *People v Gissendanner,* 48 NY2d 543, 548-549; *People v Puglisi,* 44 NY2d 748). The court also erred when it failed to answer properly the jury's request to explain a prisoner's right to act in self-defense. No exception was taken to the court's supplemental instructions as given, but they were clearly deficient and if we were not reversing on the evidentiary question, we would reverse in the interests of justice because of such deficiency. (Appeal from judgment of Onondaga County Court, Gale, J. — assault, second degree, and promoting prison contraband.) Present — Simons, J.P., Callahan, Denman, Moule and Schnepp, JJ.